**SO ORDERED.**

**SIGNED August 18, 2006.**



_____
GERALD H. SCHIFF
UNITED STATES BANKRUPTCY JUDGE

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

IN RE:

WILLIS ARCENEAUX,                                CASE NO. 06-50189

   Debtor                                        CHAPTER 13

-----------------------------------------------------------------
MEMORANDUM RULING
-----------------------------------------------------------------

Willis Arceneaux ("Debtor") filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code, and on that day an order for relief was duly entered. An objection to confirmation was filed by C.M. Investments, a creditor whose claim is secured by a judicial mortgage affecting real property owned by the Debtor. A hearing on confirmation of the Debtor's chapter 13 plan was held on August 16, 2006. After hearing argument of counsel the matter was taken under advisement.

The sole issue presented at the confirmation hearing was the value of approximately 13 acres of real property owned by the Debtor. The Debtor's witness, Ronald J. Foreman, valued the property at $19,500, while C.M. Investment's witness, C. Mark Gremillion, placed the value at $120,000.

The monumental difference between the two valuations results from the existence of a dormant "sand pit" towards the rear of the property. While both considered the property's highest and best use to be residential, Mr. Foremen considered the existence of the sand pit to be a substantial negative, while Mr. Gremillion felt that area to be of significant value.

The court finds that the correct value of the property can only be obtained by considering the front portion separately from the back. The Debtor's real property consists of approximately 13 acres. Of the total, however, both Messrs. Foreman and Gremillion agree that approximately 2 acres are suitable for residential development while the sand pit effectively eliminates any further residential use of the property.

In conducting their respective evaluations of the property, Mr. Gremillion utilized comparable sales in the area while Mr. Foreman did not. Mr. Gremillion felt that a sale in the area at $10,000 per acre was an exceptional comparable. The court will accept this valuation for the front acreage and place a value on

that portion of the property at $20,000.

While Mr. Foreman felt the rear acreage was worthless, the court agrees with Mr. Gremillion's observation that the property does have value. The court, however, does not accept Mr. Gremillion's estimate. The court values the back property at $1,200 per acre; as there are approximately 11 acres remaining, the value of that portion of the property is fixed at $13,200.

Accordingly, the court fixes the value of the Debtor's real property at $33,200. As the Debtor's chapter 13 plan does not provide for such amount, confirmation of the plan is **DENIED**. A separate order will be entered requiring the filing of an amended plan.

**IT IS SO ORDERED.**

###